IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Atiya S. Nelson and Jermaine Johnson, ) | Civil Action No. 9:16-2950-RMG-BM |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| US Bank Trust NA, as Trustee for LSF9 ) | |
| Master Participation Trust on behalf of ) | |
| LSF9 Master Participation Trust, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiffs, pro se, pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., and the South Carolina Consumer Protection Code, S. C. Code Ann. § 37-1-101, et seq. Plaintiffs allege that the Defendant has violated these statutes by attempting to foreclose on the Plaintiffs' "intellectual property"[1] and by attempting to "collect a disputed debt prior to validation and verification" through the use of "false representations". Plaintiffs have attached various exhibits and affidavits to their Complaint which reflect their contest of a mortgage foreclosure action by the Defendant against the Plaintiff Atiya Nelson for property located at 353 Riley Street in Yemassee, South Carolina. Plaintiffs seek monetary damages.

The Defendant filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on February 13, 2017. As the Plaintiffs are proceeding pro se, a Roseboro order was entered by the

---

[1]Plaintiffs identify themselves in the Complaint as being "living beings" who are the "administrators", for themselves, as "intellectual property". See Complaint, ¶ ¶ 8 and 9.

1



Court on February 15, 2017, advising Plaintiffs of the importance of a dispositive motion and of the need for them to file an adequate response. Plaintiffs were specifically advised that if they failed to respond adequately, the Defendant's motion may be granted, thereby ending their case. The Plaintiff Atiya Nelson[2] thereafter filed a response in opposition to the Defendant's motion on March 20, 2017, following which the Defendant filed a reply memorandum on March 22, 2017.

The Defendant's motion is now before the Court for disposition.[3]

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiffs. The motion can be granted only if the Plaintiffs have failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiffs are proceeding pro se, their pleadings are considered pursuant to this liberal standard.

However, even considered pursuant to this liberal standard of review, after careful review and consideration of the allegations of the Complaint and the arguments presented, the undersigned finds for the reasons set forth hereinbelow that the Defendant is entitled to judgment

---

[2] No response in opposition to the Defendant's motion was received from the Plaintiff Jermaine Johnson.

[3] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



in this case. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Initially, it is readily apparent (and as is demonstrated by the numerous documents attached as exhibits to the Complaint, Defendant's motion, and Plaintiff's response),[4] that this action arises out of the Defendant's foreclosure of a real estate mortgage secured by the property located at 353 Riley Street in Yemassee, which property was owned by the Plaintiff Nelson.[5] The documents provided to the Court show that Plaintiff Nelson borrowed a sum of money that was secured by a mortgage on the Riley Street property (see Defendant's Exhibits A and B) and that the Defendant herein commenced a foreclosure action on that Note and Mortgage on or about August 7, 2015 based on non-payment of the Note (see Defendant's Exhibit F). Plaintiff Nelson contested the validity of the debt, the Defendant's right to foreclose on her property, and the foreclosure action itself in that

---

[4] Although this matter is before the Court on a Rule 12 motion to dismiss, documents such as court filings and notes and mortgages may be considered by the Court in deciding this case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) [Courts "may properly take judicial notice of matters of public record"]; American Chiropractic Ass'n v. Trigon Health Care, Inc., 367 F.3d 212, 234 (4th Cir. 2002) [Court may consider evidence of which the Plaintiff has notice, relies on in framing the Complaint, or does not dispute its authenticity]; Phillips v. LCI International, Inc., 190 F.3d 609, 618 (4th Cir. 1999) [In addition to the factual allegations of the Complaint, the Court may also consider as part of the review of a 12(b) motion any documents that are "integral to and explicitly relied on in the complaint"]; Olson v. Midland Funding, LLC, 578 Fed.Appx. 248, 250 (4th Cir. 2014) ["In considering a Fed.R.Civ.P. 12(b)(6) motion, a court may consider the complaint itself and any documents that are attached to it . . . ."] (internal citations omitted).

[5] It is not clear what Johnson's connection is to the property or to the loan and mortgage documents at issue, as he is not shown to be a signatory on any the loan or mortgage documents and there is no indication that he was an owner of the real property foreclosed upon.



state court action, all of which resulted in an order of foreclosure being entered and the property sold pursuant to the foreclosure order. See generally, Defendant's Exhibits G-I. Plaintiff Nelson thereafter filed a motion to set aside the foreclosure order pursuant to Rule 60(b), S.C. Rules Civil Procedure, which was denied by order of the state court filed December 21, 2016. See Defendant's Exhibit J. Defendant asserts, and Plaintiffs have not disputed, that Nelson did not appeal the denial of her Rule 60(b) motion to set aside, and that the State Court foreclosure action is now closed.

Through the filing of this lawsuit contesting that Nelson had any contractual obligation to the Defendant and that the Defendant used false representations to enforce the debt instruments at issue and to foreclose on Nelson's property, Plaintiffs are clearly challenging the decision of the State Court awarding the Defendant a judgment of foreclosure. However, Defendant correctly notes that Plaintiff Nelson had the opportunity to present her defenses to the foreclosure at issue in the hearings held before the state court, and she may not relitigate those claims now in this federal lawsuit. Hilton Head Center of South Carolina, Inc. v. Public Service Commission of South Carolina, 362 S.E.2d 176, 177 (S.C. 1987) [Under the doctrine of res judicata "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit"]. Under 28 U.S.C. § 1738, known as the Full Faith and Credit Statute, federal courts must give the same preclusive effect to a state court judgment as another court of that state would give.

Therefore, this federal case is barred and must be dismissed pursuant to the doctrine of res judicata, as the pleadings in the case at Bar and in the state court foreclosure action show that



the parties or such parties privies[6] in this action and the state court foreclosure action are the same, there is identity of the subject matter, and there was an adjudication on the merits in the state court action. Riedman Corp. v. Greenville Steel Structures, Inc., 419 S.E.2d 217, 218 (S.C. 1992) [res judicata established where there is identity of the parties, identity of the subject matter, and there was an adjudication of the issue in the former suit]. Moreover, Plaintiffs' claims are further barred by the doctrine of collateral estoppel, which "prevents a party from re-litigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action". Jinks v. Richland County, 355 S.E. 341, 349 (2003); see also Nelson v. QHG of S.C., Inc., 362 S.E. 421, 425 (2005) [Holding that plaintiff's claims were barred by collateral estoppel due to grant of summary judgment in prior state court action].

## II.

Furthermore, to the extent the Plaintiffs are seeking review of the judgment of the state court, this Court also lacks subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine.[7] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v.

---

[6]Privies are persons who have mutual or successive relationships to the same property rights and were legally represented at trial. South Carolina Dep't of Social Servs v. Winyah Nursing Homes, 320 S.E.2d 464, 468-469 (S.C.Ct.App. 1984) (citing First Nat'l Bank of Greenville v. U.S. Fidelity & Guaranty Co., 35 S.E.2d 47 (S.C. 1945). Johnson, to the extent he is still contesting this matter, has asserted no separate factual basis to establish his standing to bring this lawsuit. To the extent that he is claiming that he and Nelson have the same legal rights, he would be a privy with Nelson for purposes of this case, as both Plaintiffs assert a right to the subject property and contest the Defendant's right to foreclose. See Ex Parte Allstate Ins. Co., 528 S.E.2d 679, 681 (S.C. Ct. App. 2000) [When applied to a judgment or decree, the term "privity" means "one so identified in intent with another that he represents the same legal right"].

[7]This is not a case where the federal complaint raises claims independent of, although in tension with, a state court judgment such that the Rooker-Feldman doctrine would not be an impediment to the exercise of federal jurisdiction. See Vicks v. Ocwen Loan Servicing, LLC, No.
(continued...)



Fidelity Trust Co., 263 U.S. 413 (1923). This doctrine makes clear that jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court, and that lower federal courts are generally prohibited from reviewing state court decisions. See also Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) [Rooker-Feldman Doctrine bars a federal court from asserting jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"]. The Rooker-Feldman Doctrine not only bars federal courts from reviewing issues actually presented to and decided by a state court, but also any issues that would be "inextricably intertwined" with questions ruled on by a state court; i.e., where in order to grant the federal plaintiff relief the federal court would have to determine that the state court judgment was erroneously entered or would be required to take action that would render the state court judgment ineffectual. Plyler, 129 F.3d at 731; Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997).

Here, Plaintiffs are clearly attempting to attack the validity of the state court foreclosure proceedings and judgment, and in order to provide Plaintiffs with relief this Court would be required to invalidate the judicial findings made in the state court foreclosure action. As such,

---

[7](...continued)
16-1909, 2017 WL 360546 (4th Cir. Jan. 25, 2017)[Holding district court erred in applying Rooker-Feldman doctrine to bar appellants' claims where the claims did "not seek appellate review of [the state court] order or fairly allege injury caused he state court in entering that order"]; Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314, 320 (4th Cir. 2016)[Rooker-Feldman doctrine is not an impediment to the exercise of federal jurisdiction when the federal complaint raises claims independent of, but in tension with, a state court judgment simply because the same or related question was aired earlier by the parties in state court].



this Court lacks subject matter jurisdiction to review that judgment under the Rooker-Feldman Doctrine. See Orr v. Resi Whole Loan IV, LLC, No. 12-1706, 212 WL 3749983, at * 4 (D.S.C. Aug. 3, 2012) [Rooker-Feldman Doctrine prohibits federal courts from reviewing state court orders such as foreclosure judgments]; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005); Allstate Ins. Co. v. West Virginia State Bar, 233 F.3d 813, 816 (4th Cir. 2000) [Federal court lacks subject matter jurisdiction over actions barred by the Rooker-Feldman Doctrine]; Stanfield v. CitiMortgage, Inc., No. 09-2711, 2010 WL 3257721 (D.S.C. July 16, 2010), adopted by 2010 WL 3257722 (D.S.C. Aug. 16, 2010); Kotsopoulos v. Mortgage Electronic Registration Sys. Inc., No. 06-1106, 2007 WL 905094 (D.S.C. Mar. 22, 2007).

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted,** and that this case be **dismissed**. Iqbal, 129 S.Ct. at 1949 [Complaint subject to dismissal under Rule 12 where allegations fail to set forth a plausible claim for relief]; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) ["Complaint must contain facts which state a claim as a matter of law"].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 18, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

