# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Atiya S. Nelson and Jermaine Johnson, | Case No 9:16-cv-2950-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| US Bank Trust NA, as Trustee for LSF9 Master Participation Trust on behalf of LSF9 Master Participation Trust, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 25) recommending that the Court grant Defendant's motion to dismiss (Dkt. No. 19). For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. Defendant's motion to dismiss (Dkt. No. 19) is granted.

## I. Background

Plaintiffs, proceeding *pro se*, have filed this action seeking monetary damages for Defendant's alleged violation of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the South Carolina Consumer Protection Code, S. C. Code Ann. § 37-1-101, *et seq.* Plaintiffs allege that the Defendant has attempted to foreclose on the Plaintiffs' "intellectual property" by attempting to "collect a disputed debt prior to validation and verification" through the use of "false representations." (Dkt. No. 1 at 3.) Defendant has filed a motion to dismiss. (Dkt. No. 19.)

## II. Legal Standard

Under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302

(4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, this Court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept legal conclusions, "unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298). Although this matter is before the Court on a Rule 12 motion to dismiss, this Court may consider documents such as court filings, notes, and mortgages in ruling on the motion.[1]

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). As Plaintiffs are proceeding *pro se*, their pleadings are considered pursuant to this liberal standard. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III. Facts

Plaintiff Atiya S. Nelson owned property at 353 Riley Street in Yemassee South Carolina. Nelson borrowed money that was secured by a mortgage on the Riley Street property.

---

[1] *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of matters of public record"); *American Chiropractic Ass'n v. Trigon Health Care, Inc.*, 367 F.3d 212, 234 (4th Cir. 2002) (Court may consider evidence of which the Plaintiff has notice, relies on in framing the Complaint, or does not dispute its authenticity); *Phillips v. LCI International, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (In addition to the factual allegations of the Complaint, the Court may also consider as part of the review of a 12(b) motion any documents that are "integral to and explicitly relied on in the complaint"); *Olson v. Midland Funding, LLC*, 578 Fed. Appx. 248, 250 (4th Cir. 2014) ("In considering a Fed.R.Civ.P. 12(b)(6) motion, a court may consider the complaint itself and any documents that are attached to it . . . .") (internal citations omitted).

(Dkt. Nos. 19-2 (the Note), 19-3 (the Mortgage).) It is not clear to the Court whether Plaintiff Johnson has any connection to this property as he was not a signatory to the loan or mortgage documents, and there is no indication that he was an owner of the Riley Street property.

On or around August 7, 2015, Defendant commenced a foreclosure action on the Mortgage based on non-payment of the Note. (Dkt. No. 19-7.) Plaintiff Nelson contested the validity of the debt, the Defendant's right to foreclose on her property, and the foreclosure action itself in that state court action. These proceedings resulted in an order of foreclosure being entered, and the property was sold pursuant to the foreclosure order. (Dkt. Nos. 19-8, 19-9, 19-10.) Nelson filed a motion to set aside the foreclosure order under Rule 60(b), S.C. Rules Civil Procedure, which was denied. (Dkt. No. 19-11.) Defendant asserts, and Plaintiffs have not disputed, that Nelson did not appeal the denial of her Rule 60(b) motion to set aside, and that the State Court foreclosure action is now closed.

**IV.   Discussion**

For the reasons thoroughly explained by the Magistrate Judge in the R. & R., Plaintiffs' attempt to challenge the state court's decision to grant Defendant a judgment of foreclosure[2] is barred by the doctrines of *res judicata* and collateral estoppel. (Dkt. No. 25 at 4-5.) Further, to the extent Plaintiffs are seeking review of the judgment of the state court, this Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine. (Dkt. No. 25 at 5-7.)

This Court reviews *de novo* any part of the R. & R. to which there has been proper objection. Fed. R. Civ. P. 72(b)(2). Plaintiff Nelson's objections to the R. & R. are difficult to follow, but she appears to argue that the Defendant should not have been allowed to bring the foreclosure

---

[2] Plaintiff Nelson concedes as much, stating, "I felt as I was getting nowhere with The Common Plea Court & was not getting a fair trial so I filed by suit with US Federal Court again in a timely matter." (Dkt. No. 22 at 3.)

action because the securitization of her mortgage means "[t]he loan is no more" and "the security is forever lost." (Dkt. No. 30 at 2.)

The Court has reviewed the objections and concluded that Plaintiffs have not specifically objected to the Magistrate's findings that their claims are barred by the doctrines of *res judicata* and collateral estoppel or that this Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine. This Court's review of the record indicates that the R. & R. accurately analyzes the facts of this case and the applicable law.

### V. Conclusion

For the reasons stated above, Defendant's motion to dismiss (Dkt. No. 19) is GRANTED.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Court Judge

May 23, 2017
Charleston, South Carolina